[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
Defendant-appellant Joseph Featherkile appeals from the judgment of the trial court convicting him, following a jury trial, of six counts of gross sexual imposition and four counts of felonious sexual penetration involving three different victims.
Featherkile raises two assignments of error on appeal.
Featherkile was indicted on two counts of gross sexual imposition and four counts of felonious sexual penetration involving his niece. He was later indicted on four more counts of gross sexual imposition involving his daughters. In his first assignment of error, Featherkile claims that the trial court erred in allowing the state to join the cases for trial.
The law favors joinder of offenses that are "of the same or similar character."[1] The trial court has discretion to order joinder of offenses for trial, and Featherkile must demonstrate prejudice from the joinder to obtain a reversal on appeal.[2] Featherkile was not prejudiced by the joinder if the evidence from one of the offenses could have been offered in the trial of another offense, or if the evidence of each offense was simple and direct or distinct.[3]
In this case, the evidence against Featherkile consisted of the testimony of each of his victims, and that testimony was simple and distinct. The incidents to which each victim testified were clearly separate from the incidents to which the others testified. There was no likelihood of confusion in this case. We hold that the trial court did not abuse its discretion in ordering joinder of the offenses for trial.
Featherkile also claims that the state failed to prove venue on one of the counts. That count alleged that Featherkile had committed gross sexual imposition against his younger daughter while she accompanied him on his job as an over-the-road truck driver. The victim testified that the conduct occurred in the truck at night while Featherkile took a break from driving. Featherkile and his daughter were driving from Cincinnati to Florida. Featherkile claims that the state failed to prove that the offense occurred in Hamilton County, Ohio.
Ohio's venue statute states that when an offense or any element of an offense is committed in a motor vehicle, and it cannot be reasonably determined in which jurisdiction the offense is committed, "the offender may be tried in any jurisdiction through which the * * * motor vehicle * * * passed."[4] In this case, the victim, who was nine years old at the time the conduct occurred, could not identify the state in which the offense was committed, but she did testify that the trip began in Hamilton County, Ohio. Venue was appropriate in any of the jurisdictions through which the vehicle passed, including Hamilton County. Featherkile's second assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Sundermann, JJ.
[1] See State v. Lott (1990), 51 Ohio St.3d 160, 163, 555 N.E.2d 293,298.
[2] See id.
[3] See id.
[4] See R.C. 2901.12(B).